**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:05-CR-61 |
| | ) | |
| **SAMSON G. PRUITT** | ) | |

_____

SENTENCING MEMORANDUM, MOTION FOR PRESENTENCING HEARING,
AND MOTION FOR DOWNWARD DEPARTURE

_____

COMES NOW the Defendant, Samson Pruitt, by and through counsel, and submits this Sentencing Memorandum, Motion for Presentencing Hearing, and Motion for Downward Departure. In regards to his sentencing and as grounds for these motions, Mr. Pruitt respectfully asks the court to consider the following:

I

MR. PRUITT DISPUTES THAT HE HAS PRIOR CONVICTIONS THAT WOULD QUALIFY AS CONTROLLED SUBSTANCE FELONIES FOR PURPOSES OF FEDERAL SENTENCING.

1. Defendant Samson Pruitt was arrested June 24, 2005 for (Count I) violation of 18 U.S.C. § 922(g)(1), a felon in possession of a firearm, and (Count II) violation of 21 U.S.C. § 841(a)(1) for an indoor grow operation in excess of 100 marijuana plants. He entered a plea agreement July 11, 2005 in which he pled guilty to both counts.

2. For Count I, Mr. Pruitt is subject to a fine or imprisonment up to a statutory maximum of 10 years pursuant to 18 U.S.C. § 924(a)(2). For Count II, Mr. Pruitt is subject to a minimum term of imprisonment of 5 years up to 40 years under 21 U.S.C. § 841(b)(1)(B)(vii). If Mr.

Pruitt is found to have a prior conviction for a felony drug offense for which the potential statutory maximum sentence of imprisonment exceeded one year, he is subject to a mandatory minimum term of imprisonment of ten years with the maximum up to life pursuant to the enhanced provisions of 21 U.S.C. § 841(b)(1)(B)(vii).

3. Mr. Pruitt has not yet received the government's response to his Objections to the Presentence Report (PSR). However, looking first at the marijuana offense (Count II), Mr. Pruitt agrees with the PSR that under the Sentencing Guidelines, his Base Offense Level for the marijuana offense would be 16. With his decrease of 3 levels for acceptance of responsibility, he would have an Adjusted Base Offense Level of 13. His guideline range for the instant marijuana offense alone would be either 30-37 months (Criminal History Category V) based on his calculations, or 33-41 months (Criminal History Category VI ) based on the PSR. However, Mr. Pruitt concedes that the Criminal History Category does not matter for sentencing as to the marijuana offense alone as he is subject to the statutory minimum of 5 years pursuant to 21 U.S.C. § 841(b)(1)(B)(vii)(over 100 plants).

4. Mr. Pruitt objects to and contests the PSR finding that he has two previous marijuana convictions that come within the definition of a felony drug offense for purposes of federal sentencing, one of which is sufficient to subject him to a mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(B)(vii), and two being sufficient to elevate him to a career offender under U.S.S.G. § 4B1.1. The PSR's finding that he is a career offender bumps his Offense Level for the instant marijuana offense from 16 up to 37, which is adjusted to Offense Level 34 for acceptance of responsibility and results in a guideline range of 262-327 months. This results in some 17 to 19 years increase in his sentence over what he would receive for the

instant marijuana offense with a Criminal History Category of VI which already takes into account all his previous convictions.

5. The PSR finding that he is a career offender under U.S.S.G. § 4B1.1 bumps Mr. Pruitt's guideline range up to a minimum of 262 months, or some 12 to 17 years over the 5 to 10 year sentence that he, his attorney, and the government realistically believed would be his maximum guideline exposure for both Counts when he entered his plea agreement.

6. Mr. Pruitt does not dispute that he has had a marijuana addiction since he was a child and that he has had multiple convictions for offenses involving small amounts of marijuana over his entire adult life. However, he does dispute that any of these prior convictions were punishable by imprisonment for a term exceeding one year such that he would be categorized as a career offender under U.S.S.G.§4B1.1, or be subject to the mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(B)(vii).

7. For purposes of sentencing as a career offender pursuant to U.S.S.G. §4B1.1, U.S.S.G. § 4B1.2 defines a "controlled substance offense" as an offense involving a controlled substance under federal or state law that is punishable by a term of imprisonment exceeding one year.

8. U.S.S.G. § 4B1.2 Application Notes define a prior felony conviction to mean a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.

9. All of Mr. Pruitt's prior controlled substance offenses under North Carolina law involved small amounts of marijuana. None of the North Carolina marijuana convictions involved either an agreement or a court or a jury finding of aggravating factors, and none of the

North Carolina marijuana offenses were punishable by a term of imprisonment exceeding one year.

10. The North Carolina Supreme Court has held that, without a defendant's agreement or the jury finding of aggravating factors, the maximum statutory potential punishment for an offense under the North Carolina sentencing statutes is the top of the presumptive range for the particular offense. State v. Allen, 359 N.C. 425, 437, 615 S.E. 2d 256, 264-65 (2005) finding that Blakely v. Washington, _____ U.S. ____, 159 L.Ed. 2d 403 (2004) applies to North Carolina's structured sentencing act. See also, State v. Jordan, COA04-1380, ____ N.C. App. ____ (November 15, 2005), citing Allen.

11. All of Mr. Pruitt's prior North Carolina marijuana convictions were clearly designated as misdemeanors, and if not so designated, were Class I felonies under that state's criminal and sentencing statutes.

12. The maximum statutory potential imprisonment for an offense that is classified as a misdemeanor under North Carolina law, at the highest class misdemeanor level (A1), and even with prior convictions and/or aggravating factors, is 150 days. N.C. Gen Stat. 15A-1340.23.

13. Consequently, none of the North Carolina marijuana offenses listed as misdemeanor convictions in the PSR were subject to a sentence of over 150 days and therefore they do not meet the federal definition of prior felony offense.

14. Likewise, the maximum statutory potential imprisonment for offenses classified as Class I felonies under North Carolina law is the top of the presumptive range for a Class I felony, or 10 months, in accordance with Allen, or at the very most, exactly 12 months, but not exceeding 12 months, if N.C. Gen. Stat. 15A-1340.17(d) is still viable in accordance with Allen.

15.  Even if Mr. Pruitt had a Prior Record Level VI at the time of sentencing for the North Carolina offenses, which he did not, the statutory maximum potential punishment he could have received was 10 months under Allen, or at the most, 12 months under N.C. Gen. Stat. 15A-1340.17(d).

16.  The Defendant disputes and objects to the government's use of 15 months as the maximum potential punishment for a Class I felony, as such is contrary to the North Carolina Supreme Court's interpretation of its own law as well as the United States Constitution as discussed by the North Carolina court in Allen, as well as the United States Supreme Court's holdings in Blakely, and now Booker.

17.  In accordance with the cases cited herein, and by the plain language of N.C. Gen. Stat. 15A-1340.17, in the absence of agreement to or specific findings of aggravating factors by a jury, the statutory maximum sentence Mr. Pruitt could have received for any of the individual marijuana offenses for which he was convicted in North Carolina, was, in fact, 10 months, but in no event more than 12 months or one year.

18.  This argument is supported by the actual sentences Mr. Pruitt received for the North Carolina marijuana convictions.  The maximum sentence Mr. Pruitt actually received for any marijuana offense classified as a Class I felony under North Carolina law was 6 to 8 months imprisonment, all suspended, or at the most 11 months sentence of imprisonment (suspended) on the consolidation for sentencing of 4 separate offenses (two Class I felony marijuana offenses and two non-drug related offenses)(Paragraph 53 PSR).

19.  The individual marijuana offenses cited in paragraph 47 of the PSR are clearly stated to be misdemeanor offenses. As each of these convictions is specifically classified as a

5

misdemeanor under state law, Mr. Pruitt could not have been sentenced under North Carolina law to a period of imprisonment exceeding 150 days for any one of the convictions alone, and therefore none of the individual marijuana convictions would meet the definition of a prior felony controlled substance conviction for purposes of federal sentencing. It appears that the court combined the three separate misdemeanor marijuana charges as well as other outstanding violation of probation charges and sentenced him to two years custody for all, which was suspended.

20. The government relies on United States v. Parker, No. 2:02-CR-32, E.D. TN, holding that because a Class I felony with a finding of aggravated factors is punishable up to fifteen months under N.C. Gen. Stat. 15A-1340.17 © and (d), a conviction for a Class I felony in North Carolina comes within the federal sentencing guidelines definition of "prior felony conviction."

21. The Defendant respectfully submits that Parker is no longer good law following Blakely, Booker, and the North Carolina Supreme Court's holding in Allen.

22. If there is any question of the maximum potential sentence under the plain language of the North Carolina sentencing statutes, Mr. Pruitt respectfully submits that this court should defer to the North Carolina Supreme Court's holding in Allen. See Gurley v. Rhoden, 421 U.S. 200 (1975)(a state's highest court is the final judicial arbiter of the meaning of the state's statutes); Smiley v. Kansas, 196 U.S. 447, 455 (1905) (a state's power to determine the meaning of its statutes carries with it the power to prescribe its extent and limitations); and Vroman v. Brigano, 346 F.3d 598, 603 (6th Cir. 2003) and Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2000)(state courts are the final authority on state law and federal courts must accept a state court's interpretation of its statutes).

23. Specifically, the PSR relies on Mr. Pruitt's convictions on February 11, 1998 in Orange County, North Carolina, and a conviction on January 27, 2003 in Wake County, North Carolina as prior felony drug convictions to find that Mr. Pruitt is a career offender within the meaning of U.S.S.G. §4B1.1 as to Count II, and that he is subject to an increased base offense level under U.S.S.G. 2K2.1(a)(2) in regards to the firearm offense in Count I. (PSR at paragraph 20, 37).

24. Mr. Pruit concedes that the February 11, 1998 convictions (see Paragraph 49 of the PSR and Paragraph 2 of the Information) for possession with intent to sell and deliver marijuana (97CR85744) and felony manufacture of marijuana (97CR85747) would be Class I felonies under N.C. Gen. Stat. 90-95(b)(2). Both charges were for the same conduct, one trial, and thus would be treated as one sentence for purposes of federal sentencing under USSG §4A1.1. See USSG §4A1.2(a)(2). However, Mr. Pruitt disputes that either of these convictions qualify as a "prior felony conviction" as defined in USSG §4B1.2. With a previous drug conviction, Mr. Pruitt's Prior Record Level was II. For a Class I felony, Prior Record Level II, Mr. Pruitt's presumptive sentence range was 4-6 months, with a statutory maximum sentence of 8 months, pursuant to N.C. Gen. Stat. 15A-1340.17© and (d). There was no agreement to or finding of aggravated factors. Even if he had been at the maximum prior record level, Mr. Pruitt could not have been sentenced to over 10 months imprisonment, the top of the presumptive range and the statutory maximum as stated in <u>Allen,</u> and certainly no more than 12 months even under N.C. Gen. Stat. 15A-1340.17(d). Mr. Pruitt was in fact sentenced to 6-8 months which sentence was suspended.

It is clear that neither of these convictions meet the definition of prior felony drug offense for purposes of federal sentencing. Also, it appears that the offense of possession with intent to

7

sell and deliver (97CR85744) was in fact dismissed as stated in text at Paragraph 49 of the PSR.

25. Likewise, Mr. Pruitt concedes that the January 23, 2003 Wake County conviction for possession with intent to sell and deliver marijuana would be a Class I felony under North Carolina law and the maintaining a vehicle or dwelling for controlled substances would be at least a misdemeanor or at most a Class I Felony. (PSR at paragraph 53, Information at Paragraph 4). At the time of these offenses, Mr. Pruitt's Prior Record Level for purposes of sentencing under N.C. Gen. Stat. 15A-1340.17© and (d) would be calculated according to N.C. Gen. Stat. 15A-1340.14 and was at least Level III but not more than Level V. It appears from the information provided that the marijuana offenses were consolidated with two other non-drug offenses and the sentence of 9-11 months was for all four offenses. The North Carolina court's actual sentence of 9-11 months appears to be based on a Class I felony with a Prior Record Level V, with the presumptive range of 7-9 months and the maximum sentence of 11 months. However, even if he could have been sentenced as a Prior Record Level VI (presumptive range, 8-10 months), the maximum statutory sentence could be no more than 10 months under Allen, and at the very most, 12 months, if N.C. Gen. Stat. 15A-1340.17(d) is still constitutionally viable in accordance with Allen. Therefore, these marijuana offenses also do not qualify as prior felony controlled substance offenses for purposes of statutory enhancement or career offender status.

26. Based on the above, Mr. Pruitt disputes that he has a prior conviction for a felony drug offense that would subject him to the 10 year statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(vii), or that he has any prior controlled substance offenses or prior felony convictions as defined in U.S.S.G. §4B1.1 or U.S.S.G. § 4B1.2.

27. Based on the above and in accordance with his plea agreement and agreed factual

8

basis, Mr. Pruitt submits that his sentence for Count II, the instant marijuana offense, by statute and pursuant to the federal sentencing guidelines would be as follows:

Count Two: Violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) :

> Base Offense Level 16:
> Acceptance of Responsibility - 3 levels =  Adjusted Offense Level of 13
> If Criminal History Category = V, Guideline Range = 30-37 months
> If Criminal History Category =VI, Guideline Range = 33-41 months

Mr. Pruitt disputes the PSR finding that he has a Criminal History Category VI and submits that his Criminal History Category is V as set forth in his Objections to the Presentence Report. However, he concedes that in accordance with his plea agreement, he is subject to the mandatory minimum sentence of five years under 841(b)(1)(B)(vii) which exceeds the Guideline Range for either Criminal History Category.

28.  Mr. Pruit was not made aware prior to entering his plea agreement that he was subject to career offender status as found in the PSR such that his guideline range would jump from at most some 41 months for the drug offense, or at worst some 92  months for both offenses combined, and taking into account his full criminal history, to 262 months as found in the PSR.

29.  It is counsel's understanding that both Mr. Pruitt's attorney and the attorney for the government entered into the plea negotiations with the understanding that a sentence of five to ten years was reasonably anticipated in this case, taking into account the nature of the instant offenses as well as the nature of Mr. Pruitt's prior convictions.

30.  If the government is able to meet its burden of proving that Mr. Pruitt has one prior felony drug offense for purposes of federal sentencing, his combined Base Offense Level for both instant offenses would be 22 minus 3 levels for acceptance of responsibility = Adjusted Offense Level 19, with a Criminal History Category V, a guideline range of 57 to 71 months, or at most a

Criminal History Category VI, and a guideline range of 63-78 months. Mr. Pruitt respectfully asks this court to consider that the ten year statutory minimum sentence based on one prior drug felony (if proven) is more than sufficient to punish him for the instant offenses, as it far exceeds the guideline range for the combined instant offenses and Criminal History Category VI.

31. If the government is able to meet its burden of proving that Mr. Pruitt has two prior felony convictions for purposes of federal sentencing such that he is subject to career offender status and a guideline range of 262 to 327 months, his exposure is so far beyond his expectations, the expectations of his attorney, and even the government's attorney, that Mr. Pruitt respectfully asks this Honorable Court to find that any sentence over 10 years would be unreasonable under 18 U.S.C. § 3553..

II.

MR. PRUITT DISPUTES THAT HE HAS CONVICTIONS THAT WOULD QUALIFY AS PRIOR FELONIES FOR CONVICTION FOR VIOLATION OF 18 U.S.C. § 922(g)(1).

32. Paragraphs 1-31 are incorporated herein.

33. Mr. Pruitt pled guilty to violation of 18 U.S.C. § 922(g)(1) on the advice of his attorney and with the knowledge that he had been convicted of a (Class I) felony in North Carolina.

34. Prior to his plea, Mr. Pruitt was not made aware that 18 U.S.C. § 922(g)(1) defines a felony, for purposes of prosecution under the statute, to be a conviction in any court of a crime punishable by imprisonment for a term exceeding one year.

35. Prior to his plea, Mr. Pruitt was not made aware that the statutory maximum term of imprisonment for his prior North Carolina felony marijuana offenses did not exceed one year.

10

36. If the court finds that the government has failed to meet its burden of proving that at least one of Mr. Pruitt's prior convictions was punishable by a term of imprisonment exceeding one year, Mr. Pruitt's has been falsely charged and has pleaded guilty to violation of 18 U.S.C. § 922(g)(1) in erroneous belief that he was guilty of the charge.

37. Mr. Pruitt respectfully asks this Honorable Court for a hearing and/or decisions on the issues raised herein and any other objections to the Presentence Report prior to the date of sentencing, in such time that he and his attorney can consider options such as a motion to withdraw his plea as to 18 U.S.C. § 922(g)(1) if the Court finds that his argument in Paragraphs 1 through 31 is correct.

38. If the Court finds that the government has met its burden in proving at least one prior conviction punishable by more that one year prior to his indictment for violation of 18 U.S.C. § 922(g)(1), Mr. Pruitt respectfully asks that his PSR report be corrected as to the appropriate Base Offense Level under U.S.S.G. §2K2.1.


III

MR. PRUITT ASKS THE COURT TO FIND THAT ANY SENTENCE OVER 10 YEARS IS UNREASONABLE AND GROSSLY DISPROPORTIONATE IN REGARDS TO THE SERIOUSNESS OF THE INSTANT OFFENSES AND HIS PAST CRIMINAL CONDUCT

39. Paragraphs 1 through 38 are incorporated herein.

40. Mr. Pruitt respectfully submits that the PSR guideline range of 262 to 327 months based on career offender status is unreasonable and grossly disproportionate to his conduct in regards to the instant offenses as well as to the nature of his previous marijuana offenses.

41. Mr. Pruitt respectfully asks this Honorable Court to consider the above and the

following factors and any other sentencing factors brought to the Court's attention in accordance with 18 U.S.C. §3553:

a. Mr. Pruitt's prior drug convictions were all for small amounts of marijuana and arose from his personal addiction to marijuana, which use began at the age of eight years and thereafter was allowed and facilitated by his parents.

b. Mr Pruitt's growing of marijuana started and continued as a way to support his own addiction. His criminal history of several convictions for small amounts of marijuana starting at the age of 17 reflect this addiction. Despite the number of offenses, the nature of the offenses are the profile of an addict, not a hardened career criminal.

c. Mr. Pruitt has broken the law in order to feed his addiction. He should be punished, but within reason. The five year mandatory minimum sentence for the instant marijuana offense (no prior felony drug convictions) is sufficient to punish him for this offense.

d. Marijuana can be a dangerous and addictive drug. But as federal and state criminal and sentencing statutes reflect, marijuana is not on the same level of dangerousness to our society as drugs such as cocaine, crack, heroine, or methamphetamine. Yet, if sentenced as a career offender and under the guidelines as reflected in his Presentence Report, Mr. Pruitt would be imprisoned for a minimum of 262 months, 10 to 15 years longer than many hardened drug dealers who have pushed enormous quantities of crack, methamphetamine, and other clearly lethal drugs on our society.

e. A five year sentence in this case is sufficient to punish Mr. Pruitt, to rehabilitate him, to allow him to deal with and beat his addiction, to let him get college or other vocational training. For the first time since he was a child, Mr. Pruitt has been marijuana free for the last 8

months. He wants to remain so, for himself, and for his wife and children.

  f. Mr. Pruitt asks the Court to read the numerous letters from friends and family asking this court to consider the good things about Mr. Pruitt, of which there are many.

  g. Mr. Pruitt has two young children. Despite his addiction, he has been a loving and supportive father. He has always spent time with his children, helping them with sports, taking them to school, making sure their school work was done and participating in their school events.

  Despite his addiction, Mr. Pruitt has been a productive member of society. He has built a legitimate business that has continued to grow and support his family. He gives to the community by volunteering for school and community events and by charitable gifts. He participates in the DARE program to try and keep children from becoming addicted to marijuana as he was.

  h. Finally, Mr. Pruitt asks the court to consider the five to 10 year sentence range that his attorney and the government's attorney contemplated would be a reasonable sentence in this case taking into account the nature of the instant offenses as well as his prior convictions.

IV

  WHEREFORE, the Defendant respectfully asks this court for a presentencing hearing and/or a presentencing ruling in accordance with this memorandum on the issue of whether the government has met its burden of proving that he has any prior convictions for which he was subject to more that one year imprisonment, and to address any remaining objections to his PSR. In consideration of the objections raised herein, Mr. Pruitt would ask that if the Court has any doubts or if there is any question as to maximum statutory penalties of state statutes, or whether Mr. Pruitt has any prior convictions under state statutes punishable by over one year, the Court would apply the rule of leniency in favor of the Defendant.

13

Mr. Pruitt would like to reserve the right to file subsequent letters, pleadings and memorandum in support of this sentencing memorandum and/or other sentencing factors under 18 U.S.C. §3553 and any other pleadings to which he is entitled prior to and following such hearing and/or ruling.

                                    RESPECTFULLY SUBMITTED,

                    BY:          s/ Sandra B. Jelovsek
                                Sandra B. Jelovsek
                                BOPR No. 014908
                                Attorney for the Defendant
                                P.O. Box 3352
                                Johnson City, TN 37602
                                423-283-0450

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2006, a copy of the foregoing Sentencing Memorandum and Motion was filed electronically. Notice of this filing with be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                        s/ Sandra B. Jelovsek
                                                        Sandra B. Jelovsek

14