UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-61 |
| | ) | |
| SAMSON G. PRUITT | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for resentencing after remand from the Sixth Circuit Court of Appeals. *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). On July 11, 2005, defendant Pruitt entered a plea of guilty to a two count information charging him in Count One with possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), and in Count Two with the manufacture of one hundred or more plants of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). After his guilty pleas, Pruitt was previously sentenced to 262 months imprisonment, based in large part on his status as a career offender under § 4B1.1 of the United States Sentencing Guidelines on the basis of two prior North Carolina drug convictions.

Because the Sixth Circuit could not determine whether Pruitt's North Carolina convictions qualified as predicate convictions for career offender purposes under North Carolina's structured sentencing scheme, the Sixth Circuit vacated Pruitt's

sentence and remanded for this Court "to determine whether, at the time of Pruitt's two North Carolina convictions, Pruitt's prior record level was high enough to warrant a sentence exceeding one year" under the North Carolina structured scheme. Additionally, the Sixth Circuit noted that the record indicates that the two prior North Carolina convictions at issue might not be the only prior convictions that potentially qualify as predicate offenses under U.S.S.G. § 4B1.1, expressly recognizing that "Pruitt has conceded that a prior drug conviction in Georgia qualifies as a prior felony conviction for purposes of the 21 U.S.C. § 841(b)(1)(B) enhancement, and also for purposes of his 18 U.S.C. § 922(g)(1) conviction. It is possible that this conviction, or others listed in the presentence report, might qualify as a predicate conviction for purposes of § 4B1.1. The district court may give further consideration to these matters on remand." *Pruitt*, 345 F.3d at 424.

The government now concedes that Pruitt does not have the required predicate convictions to qualify as a career offender under § 4B1.1. A revised presentence report has been prepared and disclosed to the parties. The probation officer has determined that Pruitt now faces a term of imprisonment of not more than ten years as to Count One of the information and a mandatory minimum term of ten years to life imprisonment as to Count Two, enhanced pursuant to the provisions of 21 U.S.C. §

841(b)(1)(B) because of his prior felony drug conviction in Georgia.[1] The defendant, through counsel, has filed numerous objections to the calculation of the guideline range in the presentence report.[2] Because Pruitt is subject to the mandatory minimum term of 120 months imprisonment as to Count Two based on his prior felony conviction in Lowndes County, Georgia, none of his objections affect the calculation of his guideline range and this Court will not, therefore, consider those objections.

Since the remand of this case from the Sixth Circuit Court of Appeals, this Court has granted several continuances to defendant while he attempted to vacate the Lowndes County, Georgia conviction for felony possession of marijuana and directed the parties to file briefs on the question of whether the Court could even consider the effect of a successful petition to vacate the Georgia conviction. That issue has now apparently become moot in that defendant's counsel has notified the Court that the Georgia state court has denied Pruitt's petition to vacate the Georgia conviction. Even had he been successful, however, in attacking his Georgia conviction, it appears that would have made no difference in his sentence in this case.

---

[1] The government filed notice of intent to seek enhanced punishment pursuant to 21 U.S.C. § 851 on July 11, 2005, the same day Pruitt entered his pleas of guilty. The United States relies on the defendant's conviction on March 30, 1998, in Lowndes County, Georgia in case No. 96CR942B for the felony offense of possession of marijuana.

[2] The probation officer determined the advisory guideline range to be 70 to 87 months of imprisonment; however, because Pruitt faces a mandatory minimum term of 120 months as to Count Two, 120 months becomes his effective guideline range.

On July 11, 2005, the United States filed its information pursuant to 21 U.S.C. § 851(a)(1) setting forth the 1998 Georgia conviction as well as three North Carolina convictions. 21 U.S.C. § 851(e) states:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such a prior conviction.

21 U.S.C. § 851(e). Because the Georgia conviction "occurred more than five years before the date of the information alleging such prior conviction," he may not challenge the validity of the Georgia conviction under § 851(e), *see United States v. Reid*, 141 F.3d 644 (6th Cir. 1998), and the Sixth Circuit has affirmed a district court's finding that a defendant's attempt to collaterally attack a prior drug conviction was time barred under circumstances similar to those in this case. *See United States v. Walker*, 191 F.3d 454 (Table), 1999 WL 777673 (6th Cir. 1999) (unpublished disposition). As noted above, Pruitt's attempt to vacate the 1998 Georgia conviction is immaterial to the issues before this Court and Pruitt is subject to the mandatory minimum ten year term of imprisonment pursuant to the provisions of 21 U.S.C. § 841(b)(1)(B) and his objections to the presentence report are OVERRULED.

Even if Pruitt's collateral attack on his 1998 Georgia conviction were not time barred, there is a more basic and fundamental reason why he cannot now challenge the

4

use of the conviction to enhance his sentence in this case. At the prior sentencing hearing, Pruitt admitted the prior felony conviction and, as the Sixth Circuit noted, conceded that it qualified as a prior felony conviction for the purposes of 21 U.S.C. § 841(b)(1)(B). He is now clearly bound by his prior concession.

For all these reasons, the Court will overrule Pruitt's objections to the presentence report, will adopt the advisory guideline range as calculated by the probation officer, and will sentence Pruitt within the statutory minimums and maximums which apply to his case, that is, a term of imprisonment not to exceed ten years as to Count One and a mandatory minimum term of ten years to life imprisonment as to Count Two.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE