UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| SAMSON PRUITT,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)   No. 2:05-CR-61<br>)   No. 2:10-CV-196<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

Samson Pruitt ("petitioner" or "Pruitt"), a federal prisoner, has filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 72]. The Court has conducted a preliminary review pursuant to Rule 4, Rules Governing Section 2255 Proceedings For The United States District Courts, and has determined that a response from the United States is not necessary, because it plainly appears from the motion and the record of prior proceedings that the petitioner is not entitled to relief under § 2255 and the motion should be dismissed. For the reasons which follow, therefore, the petitioner's motion pursuant to § 2255 will be DENIED.

I. **Procedural Background**

Pruitt was initially charged by a criminal complaint filed on June 24, 2005, [Doc. 1], with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count

One) and with the manufacture of 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two). Pruitt subsequently waived indictment, [Doc. 15], and entered into a plea agreement with the government, [Doc. 17], in which he agreed to plead guilty to an information charging the same two charges contained in the criminal complaint. Filed along with the information, [Doc. 13], was an agreed factual basis, [Doc. 16], and an information to establish prior convictions pursuant to 21 U.S.C. § 851, [Doc. 18]. The information to establish prior convictions gave notice of the government's intention to seek increased punishment in the case by reason of the following prior convictions:

1. On July 17, 1994, in Cateret County, North Carolina, in case number 1997CRS002086, 87, and 8253, Pruitt was convicted of the felonies of maintaining a dwelling to keep controlled substances and possession of Schedule VI drugs.

2. On June 18, 1997, in Orange County, North Carolina, case number 1997CRS005747, Pruitt was convicted of felony manufacture of Schedule VI controlled substance and possession with the intent to sale Schedule VI.

3. On March 30, 1998, in Lowndes County, Georgia, in case number 96CR942B, Pruitt was convicted of felony possession and manufacture of marijuana.

4. On November 1, 2001, in Raleigh, North Carolina, case number 2001CRS103585, Pruitt was convicted of felony possession with intent to sale, deliver marijuana.

[Doc. 18]. Pruitt entered his guilty pleas to each count of the two count information on July 11, 2005, and a Presentence Report ("PSR") was ordered.

Over Pruitt's objection, the Court determined that Pruitt qualified as a career offender

under the United States Sentencing Guidelines on the basis of his prior North Carolina drug convictions. Pruitt was sentenced to 120 months of imprisonment on the felon in possession charge and 262 months imprisonment on the charge of manufacturing marijuana, with the sentences to run concurrently. Judgment was entered on July 26, 2006, and Pruitt timely appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit vacated and remanded for resentencing because this Court, in determining whether Pruitt had the necessary predicate offenses under the career offender guideline, erroneously considered the maximum sentence allowable for a hypothetical defendant under North Carolina structured felony sentencing scheme rather than the maximum sentence for a defendant with Pruitt's prior record level. The remand from the Sixth Circuit was for the purpose of this Court giving further consideration on remand to whether or not Pruitt's prior record level was high enough to warrant a sentence exceeding one year under the North Carolina felony sentencing scheme. *United States v. Pruitt*, 544 F.3d 416 (6th Cir. 2008).

On remand, the United States conceded that Pruitt's prior record level was not high enough to warrant a sentence exceeding one year under the North Carolina sentencing scheme and Pruitt's objection as to the career offender enhancement was sustained, resulting in an advisory guideline range lower than the mandatory minimum sentence provided for Count Two, the marijuana manufacturing count. Pruitt was resentenced on November 16, 2009 to a term of imprisonment of 120 months as to Count One and 120 months as to Count Two, to run concurrently, for an effective sentence of 120 months of imprisonment. An amended judgment was entered on January 7, 2010, [Doc. 70]. No direct appeal was filed

by Pruitt and this § 2255 motion was timely filed on September 9, 2010.

## II.     Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (§ 2254

case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis and Discussion

Pruitt raises a single claim for relief in his motion. He seeks to have his conviction on the felon in possession count set aside based on principles announced in the Supreme Court's decision of *District of Columbia v. Heller*, 552 U.S. 1035, 128 S. Ct. 645, 169 L. Ed. 2d 417 (2007). Pruitt reasons that since the firearm upon which his § 922(g)(1) conviction was based was found in his residence during the execution of a search warrant, the Supreme Court's holding establishing an individual right to possess a firearm in one's home mandates that the conviction be set aside. He acknowledges that the effect of setting aside his conviction on the firearm offense would not reduce the sentence that he will serve but, he argues, he would be relieved of the collateral consequences of the firearm conviction.

5

Although Pruitt's claim is likely procedurally defaulted, it clearly fails on the merits as Pruitt misreads the Court's holding in *Heller*.

In *Heller*, the Supreme Court recognized an individual right to bear arms but also held that "[l]ike most rights, the right to [bear arms] secured by the Second Amendment is not unlimited." *Heller*, 128 S. Ct. at 2816. More specifically, the Court noted that "nothing in [our] opinion should be taken to cast doubt on a long standing prohibitions on the possession of firearms by felons." *Id.* at 2816-17. Relying on that language from *Heller*, the Sixth Circuit has held that § 922(g)(1) is not unconstitutional, stating that "prohibitions on felon possession of firearms do not violate the Second Amendment," and "Congress's prohibition on felon possession of firearms is constitutional." *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *United States v. Frazier*, 314 Fed. App'x. 801, 807 (6th Cir. 2008)); *see also United States v. Khami*, 362 Fed. App'x. 501, 507-08 (6th Cir. 2010) (rejecting Second Amendment challenge to Section 922(g)(1)); *United States v. Whisnant*, 2010 WL 3199689 (6th Cir. Aug. 11, 2010) (table).

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Although *Heller* recognized an individual's constitutional right to bear arms, Pruitt falls squarely within the valid and constitutional limitations specifically recognized by the Court prohibiting felons from possessing firearms. *Heller* does not even arguably invalidate § 922(g)(1) and Pruitt cites no precedent in support of his argument. Indeed, every court in the Sixth Circuit to consider the question has rejected Pruitt's argument. *See*, *e.g.*, *United States v. Miller,* 604 F.Supp2d 1162 (W.D. Tenn. 2009)*; United*

*States v. McCormick*, 2009 WL 385781(E.D. Tenn. Feb. 17, 2009); *Hamblen v. United States*, 2008 WL 5136586 (M.D. Tenn. Dec. 5, 2008); *United States v. Whisnant*, 2008 WL 4500118 at *1 (E.D. Tenn. Sept. 30, 2008); *United States v. Henry,* 2008 WL 3285842 (E.D. Mich. Aug. 7, 2008).

Moreover, federal courts throughout the United States have uniformly rejected this argument. *See, e.g., United States v. Seay,* 620 F.3d 919 (8th Cir. 2010); *United States v. Rozier*, 598 F.3d (11th Cir. 2010); *United States v.* Vongxay, 594 F.3d 1111 (9th Cir. 2010); *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009); *United States v. Brunsen*, 292 Fed. App'x. 259 (4th Cir. 2008); *United States v. Gilbert*, 286 Fed. App'x. 383 (9th Cir. 2008); *United States v. Irish*, 285 Fed. App'x. 326 (8th Cir. 2008); *United States v. Radencich*, 2009 WL 127648 (N.D. Ind. Jan. 20, 2009); *United States v. Borgo*, 2008 WL 4631422 (W.D. N.C., Oct. 17, 2008); *United States v. Li*, 2008 WL 4610318 (E.D. Wis. Oct. 15, 2008); *United States v. Yancey*, 2008 WL 4534201 (W.D. Wis. Oct. 3, 2008); *United States v. Burris*, 2008 WL 4000635 (W.D. N.C. Aug. 26, 2008); *United States v. Kilgore*, 2008 WL 4058020 (W.D. Wis. Aug. 26, 2008); *Reynolds v. Sherrod*, 2008 WL 3287042 (S.D. Ill. Aug. 8, 2008); *United States v. Robinson*, 2008 WL 2937742 (E.D. Wis. July 23, 2008).

**V.     Conclusion**

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, (2000).

Under *Slack*, to warrant a grant of a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by him.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE